UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| William Eldredge, | Civil No. 09-2018 (SRN/JSM) |
| **Plaintiff,** | |
| v. | **ORDER** |
| City of Saint Paul and<br>Saint Paul Department of Fire and<br>Safety Services, | |
| **Defendants.** | |

Adrianna Shannon & Steven Andrew Smith, Nichols Kaster, PLLP, 80 South Eighth Street, Suite 4600, Minneapolis, Minnesota 55402, for Plaintiff

Louise Toscano Seeba & David H. Grounds, Saint Paul City Attorney's Office, 15 West Kellogg Boulevard, Suite 750, Saint Paul, Minnesota 55102, for Defendants

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendants' Motions in Limine [Doc. No. 222] and Defendants' Motion in Limine to Exclude the Testimony of Patrick Flanagan [Doc. No. 273]. For the reasons set forth herein, the motions filed in Defendants' omnibus motion are granted in part, denied without prejudice in part, and denied in part.[1] Defendants' in Limine to Exclude the Testimony of Patrick Flanagan is denied without prejudice.

## I. Videotape of Michigan Firefighting Test

Defendants seek to exclude a videotape of Plaintiff performing tasks for the Michigan FireFighter I and II Skill test. Defendants contend that this videotape is irrelevant to the issues

---

[1] With one exception (the motion in limine regarding witness Flanagan), Defendants filed their various motions in limine in a single motion. The Court refers to them herein by Roman numeral, consistent with Defendants' omnibus motion.

in the case, is inadmissible hearsay and that its probative value is outweighed by its prejudicial effect. Defendants argue that skills required in Michigan are not at issue in this case. Plaintiff counters that the videotape shows Plaintiff performing the essential functions of a firefighter in a case about whether Plaintiff can perform the essential functions of a firefighter, therefore the tape is highly relevant. In addition, Plaintiff contends that the videotape does not constitute hearsay, as it is not a "statement." Finally, Plaintiff maintains that exclusion is unwarranted under Rule 403 because there is nothing prejudicial or improper about the videotape.

The Court denies without prejudice Defendants' motion as to this evidence and will await the appropriate foundation for the introduction of this videotape.

## II. Testimony of Jeffrey Huber and D. M. Van Nostrand Re: Michigan Skills Test

Similar to its motion to exclude the videotape of the Michigan firefighting skills test, Defendants seek to exclude some of the anticipated testimony of Plaintiff's experts Jeffrey Huber and D.M. Van Nostrand related to the firefighting skills test in Michigan. Defendants argue that the testimony is not relevant under Fed. R. Evid. 402 because the skills test did not test Plaintiff's eyesight on a fire scene. Plaintiff objects to this motion as an untimely <u>Daubert</u> motion and argues, on the merits, that the anticipated testimony is admissible.

The Court denies without prejudice Defendants' motion and will await the appropriate foundation for this testimony.

## III. Orders from the Veteran's Preference Hearing

Defendants move to exclude orders resulting from Plaintiff's hearings held pursuant to the Veteran's Preference Act ("VPA"). The Court grants in part and denies in part the motion in limine as to these orders.

The Saint Paul Civil Service Commission decided, after a full evidentiary hearing held pursuant to the VPA, that Defendants failed to meet their burden of showing that Plaintiff was not competent to work as a firefighter. However, the standard before that body and the standard before this Court are not identical. Within the context of the VPA, the Saint Paul Civil Service Commission addressed whether Defendants could terminate Eldredge for one of two reasons – if, due to incompetence or misconduct, he could not work as a firefighter. See Minn. Stat. § 197.46. Here, the issues on Plaintiff's discrimination claims encompass a broader range of underlying factual conduct and legal elements. Although there are overlapping issues and elements of proof, the issues here are not limited solely to whether or not Defendants can establish incompetence. However, the time line of events which forms the basis of Plaintiff's retaliation claim and the basis of his claim for costs arising out of the Veteran's Preference Hearings requires the introduction of this evidence for limited purposes. The Court has directed the parties to meet and confer in order to propose a limiting instruction which would eliminate any confusion in the jury's mind over the different burdens of proof.

**IV.     Plaintiff's Past and Future Wage and Pension Losses**

Defendants move to exclude testimony and documents regarding Plaintiff's past and future wage and pension losses. Specifically, Defendant wishes to exclude the testimony and documents prepared by David D. Jones, Plaintiff's economic consultant, arguing that it is inadmissible as irrelevant under Rule 402. Even if the Court finds it relevant, Defendants argue that it should be excluded on Rule 403 grounds as "it invites the jury to consider improper speculative damages." (Defs.' Mem. at 7.)   Plaintiff opposes this motion, arguing that it is yet another untimely Daubert motion, and argues that the evidence in question is admissible to show

3

the value of Plaintiff's damages due to wage and benefit losses.

The Court denies without prejudice Defendant's motion as to the evidence and testimony of past and future wage and pension losses. The Court will await the foundation laid for this testimony at trial.

## V.     Dismissal of Saint Paul Department of Fire & Safety

As part of their omnibus Motion in Limine, Defendants move for the dismissal of Defendant Saint Paul Department of Fire and Safety from this lawsuit, arguing that it is merely a department of the City of Saint. Paul and cannot be sued. Plaintiff opposes the motion, arguing it was untimely filed.

Defendants' motion is untimely. The deadline for filing dispositive motions was over nine months ago, on January 1, 2011. (Fourth Am. Pretrial Scheduling Order at 3 [Doc. No. 123].) Nevertheless, the Court will consider the merits of Defendants' argument.

The Department of Fire and Safety Services is a department of the City of Saint Paul, Saint Paul Legislative Code, Chapter 9, § 9.01, and therefore is not a party capable of being sued in its own name. Edge v. City of St. Paul, 01-CV-1296 RHK/SRN, 2002 WL 31260012, *1, n.1 (D. Minn. Oct. 7, 2001) (citing Galob v. Sanborn, 160 N.W.2d 262 (Minn.1968) (holding that courts lack power to make division of municipality an entity capable of suing or being sued absent statutory authorization)). Defendants' motion as it relates to this dismissal is therefore granted and Plaintiff's complaint against the Saint Paul Department of Fire and Safety Services is dismissed.

**VI -XIII.    Testimony of Witnesses Erickson, Cook, Creamer, Simmons, Merth, Lecuyer, Carlisle and Tossey**

The City seeks to exclude the testimony of the above-identified witnesses, primarily on grounds of relevance and/or hearsay. The Court denies without prejudice the portions of Defendants' Motion in Limine related to these witnesses. The Court will await appropriate foundation at trial regarding this testimony

**XIV.    Testimony of Assistant City Attorney Gail Langfield**

The City moves to exclude the testimony of Assistant City Attorney Gail Langfield. Ms. Langfield represents the City's Human Resources Department and other departments within the City. The City argues that any information possessed by Ms. Langfield is protected by the attorney-client privilege. Plaintiff opposes this motion, arguing that the City identified Langfield as a witness in their Rule 26(a)(1) disclosures, indicating that she might have information regarding Plaintiff's claims of discrimination and the previously-held administrative hearings. (See Defs.' R. 26(a)(1) Initial Disclosures at 2, Ex. C to Shannon Aff. in Opp'n [Doc. No. 278-1].) Moreover, Plaintiff argues that Defendants' witnesses have testified that Langfield was present during the meetings and participated in conversations in which Defendants decided to take adverse action against Plaintiff. (See Holton Dep. at 90-91, Ex. D to Shannon Aff. in Opp'n [Doc. No. 278-1].)

The City's motion is denied without prejudice. If Langfield is called as a witness by either party, the Court will require a proffer in advance of any testimony so that the Court can determine whether the anticipated testimony is privileged.

**XV.    Plaintiff's Expert Reports**

The City moves to exclude the admission into evidence of Plaintiff's expert reports by

5

Jeffrey Huber, Dr. D.M. Van Nostrand and Dr. David Jones on grounds of hearsay, pursuant to Fed. R. Evid. 801. Plaintiff counters that because Rule 801 defines hearsay as "a statement, other than one made by a declarant while testifying during trial . . .," and because a witness can adopt and incorporate a prior statement such that it becomes one "made by the declarant while testifying," Plaintiffs' expert reports are admissible, as the experts will testify at trial. (Pl.'s Opp'n Mem. at 2-3 [Doc. No. 273]) (citing Fed. R. Evid. 801 and <u>BCCI Holdings (Luxembourg), Societe Anonyme v. Khalil</u>, 184 F.R.D. 3, 6 (D. D.C. 1999)).

The Court denies this motion without prejudice and will await appropriate foundation at trial.

**XVI-XIX.   Testimony of Witnesses Hall, Goyette, Deno and Hawkins**

The City seeks to exclude the testimony of the above-identified witnesses, primarily on grounds of relevance and/or hearsay. The Court denies without prejudice the portions of Defendants' Motion in Limine related to these witnesses. The Court will await appropriate foundation at trial regarding this testimony.

**XX.   Testimony of Patrick Flanagan**

By separate motion [Doc. No. 287], the City moves to exclude the testimony of Patrick Flanagan on grounds of untimeliness, hearsay and relevance. The Court denies this motion without prejudice and will await appropriate foundation at trial regarding this witness's testimony.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants' Motions in Limine [Doc. No. 222] are **GRANTED IN PART**, **DENIED WITHOUT PREJUDICE IN PART**, and **DENIED IN PART**,

    consistent with this Order;

2.     Defendant's Motion in Limine to Exclude the Testimony of Patrick Flanagan [Doc. No. 287] is **DENIED WITHOUT PREJUDICE;** and

3.     Defendant Saint Paul Department of Fire and Safety Services is **DISMISSED** from this action.

Dated: Sept. 16, 2011                          s/Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge