UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**William Eldredge,**                                         Civil No. 09-2018 (SRN/JSM)

        **Plaintiff,**

  v.                                                                          **ORDER**

**City of Saint Paul and
Saint Paul Department of Fire and
Safety Services,**

        **Defendants.**

---

Adrianna Shannon & Steven Andrew Smith, Nichols Kaster, PLLP, 80 South Eighth Street, Suite 4600, Minneapolis, Minnesota 55402, for Plaintiff

Louise Toscano Seeba & David H. Grounds, St. Paul City Attorney's Office, 15 West Kellogg Boulevard, Suite 750, St. Paul, Minnesota 55102, for Defendants

---

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff's Motion in Limine for a Bench Trial [Doc. No. 224]. For the reasons set forth herein, the motion is denied.

Plaintiff, who previously demanded a trial by jury, retracts his jury trial demand and moves to proceed with a bench trial. Defendants oppose this motion, arguing that, under federal law, where a plaintiff seeks compensatory damages, as is the case here, any party may demand a jury trial. (Defs.' Opp'n Mem. at 1 [Doc. No. 279]) (citing 42 U.S.C. 1981a (c) (2011)). In their Answer, Defendants demanded a jury trial. (Answer [Doc. No. 2].) Plaintiff counters that he will waive or relinquish his claim for compensatory damages under the Americans With Disabilities Act ("ADA"), but will still seek compensatory damages under the Minnesota Human Rights Act ("MHRA"), which specifically provides that claims under the Act be heard by a

judge, not jury.  (See MHRA, Minn. Stat. 363A.33 (subd. 6)).  Defendants argue that under a MHRA action in federal court in which compensatory damages are sought, they are still entitled to a jury trial.

Plaintiff brings his claims for disability discrimination, retaliation and failure to accommodate against Defendants under the ADA, 42 U.S.C. § 12112 et seq.  (Complaint [Doc. No. 1].) Pursuant to federal statute, if Plaintiff's federal claims are successful, he may recover compensatory and punitive damages.[1]  42 U.S.C. 1981a (a)(1).  Where a complaining party in a case of intentional discrimination in employment seeks compensatory or punitive damages, "any party may demand a trial by jury."  42 U.S.C. 1981a (c).  In addition to his federal claims, Plaintiff also brings disability discrimination, failure to accommodate and reprisal claims against Defendants pursuant to the MHRA, Minn. Stat. § 363A.01 et seq. (Complaint [Doc. No. 1].) The MHRA provides that "[a]ny action brought pursuant to this chapter shall be heard and determined by a judge sitting without a jury."

The question before this Court is, if Plaintiff retracts his claim for compensatory damages as to his ADA claims, whether the Seventh Amendment entitles Defendants to a jury trial in federal court in light of Plaintiff's claim for compensatory damages as to his MHRA claims.  The Supreme Court has held that the "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care."  Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 501 (1959) (citations omitted).   The Seventh

---

[1] Plaintiff acknowledges that punitive damages are unavailable because Defendants are local government entities.

2

Amendment to the Constitution provides that in suits at common law the right of trial by jury "shall be preserved." U.S. Const. amend. VII. The Federal Rules of Civil Procedure recognize this general constitutional right to a jury trial, providing, "The right of trial by jury as declared by the Seventh Amendment to the Constitution – or as provided by a federal statute – is preserved to the parties inviolate." Fed. R. Civ. P. 38.

Historically, there was no right to a trial by jury for claims that were "equitable," such as actions for injunctive relief or specific performance. Charles Alan Wright and Mary Kay Kane, Law of Federal Courts at 657 (6th ed. 2002). In contrast, the right to trial by jury has historically attached to actions that are considered "legal," such as claims for money damages for tort or breach of contract. Id. While the right to a trial by jury is a constitutional one, there is no similar right to a bench trial. Id. at 510.

> [The Seventh Amendment] does not say that it shall not be extended to cases not covered by the Seventh Amendment, and neither this amendment, nor any other provision of the Constitution, preserves any right to a trial without a jury in proceedings that were not suits at common law. There is some authority in the states for refusing to allow the extension of jury trial to matters that historically were equitable, but this never has been the rule in the federal courts.

9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2317 (3d ed. 2008).

The MHRA specifically provides that claims arising under the Act be heard by a judge sitting without a jury. Minn. Stat. § 363A.33, subd. 6. However, the Eighth Circuit has held that the Seventh Amendment provides a right to a jury trial in federal court for an action brought under the MHRA in which the Plaintiff seeks compensatory damages. Kampa v. White Consolidated Ind., Inc., 115 F.3d 585, 586-87 (8th Cir. 1997). The court found that while not every award of monetary relief constitutes a legal remedy, "federal law has consistently held that money damages are generally characterized as a legal remedy." Id. at 586 (citations omitted).

Plaintiff argues that the MHRA's provision for bench trials functions as the State's "waiver" of the right to a jury trial, and because Defendants are political subdivisions of the State of Minnesota, they have statutorily waived a jury trial. The Court disagrees. In Kampa, despite the express language of the MHRA proscribing bench trials, the court held, "The right to a jury trial in federal court is clearly a question of federal law," and federal law controls, even if the Minnesota legislature intended to create only equitable remedies." Id. at 587 (emphasis added); see also Todd v. Ortho Biotech, Inc., 138 F.3d 733, 738 (8th Cir. 1998) (commenting that "MHRA claims should be tried to the jury in federal court.") , cert. granted, judgment vacated on other grounds, 525 U.S. 802 (1998). Moreover, the Kampa decision is consistent with authority holding that federal law determines whether there is a right to a jury trial in a case involving state law that has been brought in federal court. In Simler v. Connor, the Supreme Court held:

> [T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions. The federal policy favoring jury trials is of historic and continuing strength. * * * Only through a holding that the jury-trial right is to be determined according to federal law can the uniformity in its exercise which is demanded by the Seventh Amendment be achieved.

372 U.S. 221, 222 (1963). Defendants' status as political subdivisions of the State of Minnesota is therefore irrelevant here. In a case from the Eastern District of Pennsylvania, the court recognized that the defendant municipality had a constitutional right under the Seventh Amendment to have legal issues decided by a jury, even where the defendant had not itself demanded a jury trial. Bowers v. City of Philadelphia, No. 06-3229, 2008 WL 5234357, *5 (E.D. Pa. Dec. 12, 2008).

While Plaintiff argues that the Seventh Amendment right to a jury trial in civil cases is not incorporated in and applied to the states through the Fourteenth Amendment, Plaintiff is not

incorrect, but his argument is incomplete.  "The [Seventh] Amendment applies only to proceedings in courts of the United States, and does not in any manner whatever govern or regulate trials by jury in state courts, or the standards which must be applied concerning the same."  Minneapolis & St. Louis R. Co. v. Bombolis, 241 U.S. 211, 217 (1916) (emphasis added).  Because "the right to a jury trial is not a fundamental aspect of due process," the Seventh Amendment is not applicable to state court proceedings.  3 Ronald D. Rotunda and John E. Nowak, Treatise on Constitutional Law § 17.8 (f) (4th ed. 2008) (citing Minneapolis & St. Louis R. Co., 241 U.S. at 211).

  Finally, Fed. R. Civ. P. 38(d) provides that a proper demand for a jury trial may be withdrawn only if the parties consent.  While Rule 39 clarifies that Rule 38 is perhaps not a source of independent rights, it states that when a demand has been made for a jury trial, the trial must be by jury, unless either the parties or their attorneys stipulate to a non-jury trial, or if the court determines that there is no right to a jury trial.  Fed. R. Civ. P. 39(a)(1)-(2).  Here, Plaintiff initially demanded a jury trial, as did Defendants.  Defendants do not consent to a non-jury trial and the Court finds that there is, in fact, a federal right to a jury trial in this case.

  Accordingly, while a jury trial is not required for actions brought in Minnesota state court under the MHRA, the Seventh Amendment requires a jury trial for actions brought in federal court under the MHRA.  Kampa, 115 F.3d at 587.  Because Plaintiff seeks compensatory damages under the MHRA – relief that is legal in nature – and because this Court is bound by Kampa's holding that the Seventh Amendment's right to a jury trial applies in this circumstance, Plaintiff's motion is denied.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

Plaintiff's Motion in Limine for a Bench Trial [Doc. No. 224] is **DENIED**.

Dated: Sept. 16, 2011                    s/Susan Richard Nelson
                                         SUSAN RICHARD NELSON
                                         United States District Judge