**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

William Eldredge,                              Court File No: 09-2018 (SRN/JSM)

           Plaintiff,

v.

City of Saint Paul and
Saint Paul Department of Fire and Safety Services,

           Defendants.

---

**ORDER ON PLAINTIFF'S MOTION TO EXCLUDE MILITARY RECORD**

---

The above-entitled matter came on for hearing before the Honorable Susan Richard Nelson on September 16, 2011 on Plaintiff's Motion to Exclude Military Record [Doc. No. 235]. For the reasons set forth herein, Plaintiff's motion is granted.

Plaintiff seeks to exclude from evidence Defendant's Proposed Exhibit 5. This document, a memorandum on Department of the Army Civil Affairs and Psychological Operations Command letterhead, was purportedly written and signed by a Deputy Command Surgeon. He claims that Plaintiff has "a progressive and irreversible disease that will ultimately lead to blindness," and that he "is NOT retainable in the US Army and should be removed from any existing battle roster(s), therefore being NON-deployable." (Defs.' Proposed Ex. 5.) The author further recommends that Eldredge be "administratively separated."

1

Citing to this exhibit, Defendants have made representations in previous filings that the Army considered Eldredge non-deployable and discharged him because of his eyesight. (See Defs.' Mem. Supp. Mot. for Summ. J. at 3.) In fact, the evidence shows that Eldredge was honorably discharged in 2006 after having accumulated over 20 years of service with the Army. (Army Order of 7/31/06, Ex. B to Affidavit of Adrianna Shannon in Supp. Pl.'s Mots. Limine.) The Army imposed no restrictions on Eldredge due to his vision and he remains in the retired reserve to date. (Decl. of William Eldredge ¶ 35 [Doc. No. 254].)

The Court finds that Defendants' Proposed Exhibit 5 is inadmissible. First, the document fails to satisfy the requirement of relevance under Fed. R. Evid. 402. Nothing in the record describes the criteria used by the Army for determining whether an officer is deployable. But more importantly, any such criteria are not relevant to the issue of whether Plaintiff is capable of performing firefighting duties. The proposed exhibit does not address firefighting, the specific duties of firefighters, duties that relate to firefighting in general, or Eldredge's abilities with respect to firefighting. Because the document does not bear on the issues in this case, it is not relevant and it is inadmissible. Even if the Court were to find the document relevant, because it is misleading and prejudicial, it would be excluded pursuant to Fed. R. Evid. 403.

Second, Defendants' Proposed Exhibit 5 constitutes inadmissible hearsay. Federal Rule of Evidence 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." This document, authored by an out-of-court declarant who has not

been deposed or cross-examined and has not been identified as a trial witness, is offered for the truth of the matter asserted, namely, that Eldredge is ultimately going blind and was to be discharged from the Army for that reason. In the absence of any foundation for the proposed exhibit, it cannot stand on its own.

Nor does the document fall under one of the exceptions to the hearsay rule found in Fed. R. Evid. 803. Defendants argue that it falls under the following exceptions: (1) statements for purposes of medical diagnosis or treatment (Rule 803(4)); (2) records of regularly conducted activity (Rule 803(6)); and (3) public records and reports (Rule 803(8)). The Court disagrees. The one-page document is not concerned with Eldredge's diagnosis and treatment, but with whether, in the author's opinion, Eldredge is deployable for purposes of combat. None of the statements made in the document were "made for purposes of medical diagnosis or treatment," nor are the statements "reasonably pertinent to diagnosis or treatment." Therefore, the hearsay exception for statements for purposes of medical diagnosis or treatment does not apply.

As to the other two exceptions Defendants invoke – records of regularly conducted activity and public records – these exceptions prohibit the admissibility of such evidence when the sources of information or other circumstances indicate a lack of trustworthiness. Fed. R. Evid. 803(6); (8). The information presented in Defendants' Proposed Exhibit 5 demonstrates a lack of trustworthiness. Plaintiff was not, in fact, "administratively separated," or discharged, as recommended in this document, and Plaintiff contends that he has never met nor spoken with the author. Nothing is known about the author of the

document. Moreover, the document represents a single page out of the context of Plaintiff's entire military file.

Based on all the files, records and proceedings herein, including the arguments of counsel, IT IS HEREBY ORDERED:

1. Plaintiff's Motion to Exclude Military Record [Doc. No. 235] is **GRANTED**.

Dated: Sept. 16, 2011                          BY THE COURT:

                                                         s/Susan Richard Nelson
                                                         Judge Susan Richard Nelson
                                                         District Court Judge