UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

William Eldredge,   Court File No: 09-2018 (SRN/JSM)

          Plaintiff,

v.

City of Saint Paul and
Saint Paul Department of Fire and Safety Services,

          Defendants.

**ORDER ON PLAINTIFF'S MOTION TO EXCLUDE SUSPENSION EVIDENCE**

The above-entitled matter came on for hearing before the Honorable Susan Richard Nelson on September 16, 2011 on Plaintiff's Motion to Exclude Suspension Evidence [Doc. No. 238]. For the reasons set forth herein, Plaintiff's motion is granted.

Plaintiff seeks to exclude Defendants' Proposed Exhibits 22, 23, and 24, and any other evidence of Plaintiff driving without a driver's license as inadmissible character evidence. The exhibits in question relate to Defendants' allegation that Plaintiff drove while on duty after his license had expired, for which Plaintiff received a 15-day suspension from employment. Plaintiff does not claim that this suspension or the circumstances surrounding it are part of his discrimination or retaliation claims. Instead, Plaintiff contends that this 15-day suspension is a distinct and separate issue from the fact that Eldredge did not have a valid driver's license for a period of time and was administratively suspended for 120 days so that he could obtain one. Defendants,

however, argue that the 15-day suspension and Plaintiff's 120-day suspension are intertwined and the proposed exhibits constitute necessary background evidence as to why the 120-day suspension does not constitute retaliation.

Federal Rule of Evidence 405(b) allows character evidence if character or a trait of character is an essential element of a claim or defense. Fed. R. Evid. 405(b). The claims at issue in this case do not involve Plaintiff's character or traits. In addition, Fed. R. Evid. 608(b) only permits the admission of prior acts evidence supporting or attacking a witness's character for truthfulness, by cross-examination, and only then if the evidence is probative of truthfulness or untruthfulness. Fed. R. Evid. 608(b). Because driving without a license is not probative of truthfulness, this evidence is not admissible under Rule 608(b).

Evidence of prior acts "is not admissible to prove the character of a person." Fed. R. Evid. 404(b). However, evidence of prior acts may be admissible to prove motive, intent, preparation or plan. Id. Evidence of prior acts may be admitted if it is "(1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the [event at issue]." Berry v. Oswalt, 143 F.3d 1127, 1132 (8th Cir.1998) (quoting United States v. Aranda, 963 F.2d 211, 215 (8th Cir. 1992); Williams v. City of Kansas City, Mo., 223 F.3d 749, 755 (8th Cir. 2000).

Applying these factors to the facts, whether Plaintiff drove without a license is not relevant to the material issues in this case, which primarily involve whether Plaintiff can

CASE 0:09-cv-02018-SRN-JSM   Document 298   Filed 09/16/11   Page 3 of 4

perform the duties of a firefighter and whether Defendants discriminated and retaliated against him. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402.

As to the factor requiring that the proposed evidence be proved by a preponderance, Plaintiff disputes Defendants' allegation that he drove without a license while on duty, and disputes any assertion that he did admit to doing so. Rather, Plaintiff's deposition testimony apparently shows that he drove to and from work without a license, but did not drive without a license while on duty. (Eldredge Dep. at 228, Ex. C to Shannon Aff.) The proposed prior acts evidence therefore fails to meet the requirement that it be established by a preponderance of the evidence.

The requirement that the proposed prior acts evidence be more probative than prejudicial is also not met here. Even relevant evidence may be excluded if its probative value is substantially outweighed by its prejudicial value. Fed. R. Evid. 403. Here, the effect of admitting this proposed evidence would result in portraying Plaintiff in a negative, prejudicial light, when the evidence in question does not even relate to Plaintiff's claims.

Finally, the requirement that the proposed prior acts evidence be similar in kind and close in time to the conduct at issue is not met here. Driving with or without a license does not relate to whether driving is an essential function of the firefighting position, or whether removing driving responsibilities for Plaintiff is a reasonable accommodation.

3

Based on all the files, records and proceedings herein, including the arguments of counsel, IT IS HEREBY ORDERED:

1. Plaintiff's Motion to Exclude Suspension Evidence [Doc. No. 238] is **GRANTED**.

Dated: Sept. 16, 2011

BY THE COURT:

s/Susan Richard Nelson
Judge Susan Richard Nelson
District Court Judge